GARDINER, Judge.
Plaintiff brought this suit against Mrs. Beverly B. Damico and State Farm Mutual Automobile Insurance Company, her liability insurer, to recover for personal injuries and related damages resulting from a collision between his 1961 Cadillac and a Rambler automobile driven by Mrs. Da-mico. He has appealed from a judgment rejecting his demands.
The accident occurred at 7:15 p. m., January 28, 1967, near the intersection of Mc-Arthur Avenue and the eastbound roadway of the West Bank Expressway after plaintiff had made a right turn and defendant a left turn into the Expressway. The intersection is controlled by electric semaphore signals and both drivers had a green light. The West Bank Expressway is a four-lane highway consisting of two eastbound lanes and two westbound lanes separated by a neutral ground area. The lanes are not divided by painted lines.
We agree with the trial judge’s factual conclusions as are contained in his written reasons for judgment. They are as follows :
“The accident at issue occurred on the Westbank Expressway * * * approximately eight feet after the cars had each made a turn from McArthur Drive.
“Mrs. Damico was on McArthur heading south and Traub was on McArthur heading north. Mrs. Damico stopped for a red light and when the light turned green she proceeded across the Westbound lane of the Expressway and testified that she made a left turn into the left or neutral ground lane of the Eastbound roadway of the Expressway. She contends that Traub was on the service road, ran a stop sign and made a right turn into her lane of traffic and the accident resulted.
“Traub contends that he was stopped behind a red Corvair. When the light turned green the Corvair did not immediately move and he had to give a short toot; that he made a right turn into the Expressway; that Mrs. Damico made a left turn into the Expressway; that Mrs. Damico made a wide left turn, running into his automobile, in the outer lane of traffic.
“Mrs. Damico testified she saw plaintiff’s car on the service road when she began to make the turn; and that he *660 did not stop for - the Stop sign. Her nineteen-year old son testified he saw the Traub car approximately thirty feet from the Stop sign and saw it again when defendant’s turn was almost completed, when he called to his mother the car was going to hit them.
“Defendant argues that the accident did not occur as testified by plaintiff; that if Traub started from behind the Corvair he only had to travel a short distance (the length of the Corvair, plus eight feet to the accident) whereas the defendant had to cross two West-bound lanes of the Expressway, plus the neutral area, plus completing her turn and driving about eight feet on the expressway, hence the Court should accept Mrs. Da-mico’s version of the accident.
“Plaintiff argues that defendant was not keeping a proper lookout, as she did not see the plaintiff enter the intersection or begin his turn. Plaintiff contends that defendant was clearly negligent in failing to keep a proper lookout.”
Because we are of the opinion that the answer is in the affirmative, the only question we must decide is whether or not there was negligence on the part of plaintiff which proximately caused the accident and which bars a recovery by him. Contributory negligence was affirmatively plead in defendant’s answer.
Although there is considerable doubt as to whether or not the turn indicator on the defendant car was operating at the time, we are satisfied from all of the evidence that the defendant driver had begun her left turn, and that it should have been apparent to plaintiff that she was making a left turn, in sufficient time to take proper precautionary steps to avoid the collision by simply delaying his right turn into the Expressway or by confining that turn to the outside traffic lane. His failure to observe the defendant driver was making the turn, or to take proper steps to avoid the collision, or both, constitutes negligence on his part which proximately caused the accident.
For the above reasons, the judgment appealed from is affirmed.
Affirmed.